IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DAN SERGIO DE LA CRUZ, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:17-cv-00163 |
| | § | |
| THE BANK OF NEW YORK AS | § | |
| TRUSTEE FOR THE | § | |
| CERTIFICATEHOLDERS | § | |
| CWABS, INC. ASSET-BACKED | § | |
| CERTIFICATES SERIES 2005-9 | § | |
| and DITECH FINANCIAL, LLC, | § | |
| Defendants, | § | |

**PLAINTIFF'S AMENDED COMPLAINT
FOLLOWING REMOVAL**

**Parties and Service**

1. Plaintiff Dan Sergio de la Cruz resides at 12713 Bright Sky Overlook, Austin, Texas 78732.

2. Defendant Bank Of New York As Trustee For The Certificateholders CWABS, Inc. Asset-Backed Certificates, Series 2005-9 is a business entity or business trust for which Bank of New York acts as trustee. Defendant's citizenship is determined by all of its members. *See Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012 (2016).

3. Defendant Ditech Financial LLC is a foreign limited liability company. whose registered agent in Texas is CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. It does not appear to be a citizen of Texas. *See LWL Constr., LLC v. Countrywide Home Loans, Inc.*, 2016 WL 413271, at *3 (S.D. Tex. 2016) ("Ditech is a citizen of Delaware, Minnesota, Maryland, and Florida."); *Brody v. Ocwen Loan Servicing, LLC*, 2015 WL 9581784, at *2 (W.D. Mo. 2015) ("Green Tree (now

1

known as Ditech) is a citizen of the States of Maryland, Florida, Delaware, and Minnesota for purposes of diversity jurisdiction.).

## Jurisdiction and Venue

4. By order of this court dated March 21, 2017, the court has subject matter jurisdiction over Defendants under federal diversity jurisdiction, 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00, and the court has determined that all defendants are citizens of states other than Texas, where Plaintiff is a citizen.

5. The court has personal jurisdiction over Defendants because both purposefully availed themselves of the privilege of conducting activities in Texas through lending and loan servicing involving residents of Texas.

6. Venue is proper in this district as to both defendants under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## Facts

7. Plaintiff is the owner in fee simple of 12713 Bright Sky Overlook, Austin, Texas 78732 under a warranty deed dated June 25, 2004, recorded as document number 2004122974 of the Official Public Records of Travis County, Texas. The property's legal description is as follows:

> LOT 3, BLOCK "A", OF STEINER RANCH PHASE ONE, SECTION 9, A SUBDIVISION IN TRAVIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT RECORDED UNDER DOCUMENT NUMBER 200200113, IN THE PLAT RECORDS OF TRAVIS COUNTY, TEXAS.

8. In 2005, Plaintiff took out a home equity loan from lender Loan America, Inc. The home equity loan was composed of a note and a security instrument. The security instrument was recorded as document number 2005134061 of the Official Public Records of Travis County, Texas.

9. The 2005 home equity loan was securitized and then sold to the certificateholders of a non-corporation business entity for which Bank of New York Mellon acts as trustee.

10. Defendant Ditech Financial LLC, a/k/a or f/k/a Green Tree Servicing LLC, is or is authorized to be a holder of the loan note, the servicer of the loan, and an entity empowered to act in all ways (including foreclosure notices and proceedings) on behalf of the defendant business entity or business trust for which Bank of New York Mellon acts as trustee. A pooling and servicing agreement ("PSA") sets out the relationships of various parties, including the named defendants, in the ownership and servicing of Plaintiff's home equity loan.

11. The defendants collectively are referred to hereinafter as the "Lender."

12. On February 24, 2016, the Lender swore by affidavit in an application for expedited foreclosure under Tex. R. Civ. P. 736 that it had noticed default and intention to accelerate on January 14, 2011. It failed to mention any acceleration date or attach any notice of acceleration.

13. However, Lender did notice acceleration and its intent to foreclose ("acceleration") sometime between January 13, 2011 and January 31, 2013, as discoverable documents in the Lender's possession will prove.

14. Plaintiff made no loan payments after the acceleration.

15. No modifications were entered into after the acceleration.

16. The Lender did not unilaterally abandon, revoke, or rescind the acceleration.

17. Plaintiff never agreed with Defendant to abandon, revoke, or rescind the acceleration.

18. Plaintiff detrimentally relied on the 2011 acceleration, precluding Defendants from unilaterally abandoning it. Plaintiff ceased paying homeowners' association assessments because of the lender's stated intention to foreclose. The HOA

then sued Plaintiff in June 2015, and Plaintiff agreed to a judgment that included an adverse attorney fee award of not less than $3,575. Plaintiff then commenced paying that adverse judgment in installments.

19. The Lender did not actually sell the property at foreclosure or file any action for judicial foreclosure up to date of the filing of this lawsuit, being February 1, 2017.

## Suit to Quiet Title

20. Plaintiff re-alleges and incorporates by reference the allegations above.

21. Plaintiff has a fee simple interest in his homestead real property at 12713 Bright Sky Overlook, Austin, Texas 78732. He obtained a first-lien home equity loan in 2005 collateralized by the homestead. He at all relevant times asserted the property as his homestead and intended it to be and remain his homestead.

22. The Lender asserts a lien or claim in Plaintiff's homestead property that the Lender asserts entitles it to sell the property at foreclosure or else seek and obtain a judgment to foreclose judicially.

23. However, the Lender lost any lien or claim in the property through the running of the four-year statute of limitations under Tex. Civ. Prac. & Rem. Code § 16.035 by failing to either sell, or file a lawsuit to foreclose judicially, within four years after accelerating the debt as late as January 31, 2013, following a notice of default on January 13, 2011.

24. The Lender never abandoned, rescinded, or revoked the acceleration.

25. In addition or in the alternative, the Lender was precluded from unilaterally abandoning acceleration because of Plaintiff's detrimental reliance on the 2011 acceleration.

26. There was never any agreement between the parties to abandon the 2011 acceleration.

27. Accordingly, the defendant Lender's lien or claim in the subject property is invalid or unenforceable owing to the expiration of limitations under Tex. Civ. Prac. & Rems. Code § 16.035(a) and (b).

## Declaratory Judgment

28. The foregoing is incorporated herein by reference.

29. In addition or in the alternative, Plaintiff requests a declaratory judgment that the statute of limitations expired on Defendants' power to foreclose judicially by the filing or suit or nonjudicially by selling under the lender's powers under the security instrument.

## Conditions Precedent

30. All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## Demand for Jury Trial

31. Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## Prayer

32. For these reasons, Plaintiff asks that Defendants be cited to appear and answer and, on final trial, that Plaintiff be awarded a judgment against Defendants quieting title in the subject homestead wholly in Plaintiff as concerns the first-lien home equity loan of 2005; costs of court; and any other relief appropriate at law or in equity.

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff's Amended Complaint was served as indicated on March 21, 2017, to the following:

**via ECF**
Marc D. Cabrera
*mcabrera@lockelord.com*
Daniel Durell
*daniel.durell@lockelord.com*

/s/ JPS
J. Patrick Sutton