IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

DAN SERGIO DE LA CRUZ,
        Plaintiff,

-vs-

THE BANK OF NEW YORK AS
TRUSTEE FOR THE
CERTIFICATEHOLDERS CWABS,
INC. ASSET-BACKED
CERTIFICATES, SERIES 2005-9 and
DITECH FINANCIAL, LLC.
        Defendants.

CAUSE NO.: A-17-CA-00163-SS

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Dan Sergio de la Cruz's Motion to Dismiss [#18], Defendant The Bank of New York as Trustee for the Certificateholders CWABS, Inc. Asset-Backed Certificates, Series 2005-9 (BONY)'s Response [#19] in opposition, and Plaintiff's Reply [#20] in support. Having reviewed these documents, the governing law, and the file as a whole, the Court now enters the following opinion and order.

### Background

This lawsuit involves a piece of real property located in Travis County, Texas (Property), which is more specifically described as follows:

> LOT 3, BLOCK "A," OF STEINER RANCH PHASE ONE, SECTION 9, A
> SUBDIVISION IN TRAVIS COUNTY, TEXAS, ACCORDING TO THE MAP
> OR PLAT RECORDED UNDER DOCUMENT NUMBER 200200113, IN THE
> PLAT RECORDS OF TRAVIS COUNTY, TEXAS.

Countercl. [#17] ¶ 6. The address of the Property is 12713 Bright Sky Overlook, Austin, Texas, 78732. *Id.*

-1-

On July 25, 2005, Plaintiff executed a Texas Home Equity Adjustable Rate Note (Note) and a Texas Home Equity Security Instrument (Security Instrument), granting Loan America, Inc. a security interest in the Property. *Id.* ¶¶ 5–6. The Security Instrument includes a power of sale provision, stating "Lender's default remedies shall include the most expeditious means of foreclosure available by law," and an acceleration clause. *Id.* [#17-2] Ex. B (Security Instrument) ¶¶ 21–22. BONY is the current owner and holder of the Note and mortgagee of the Security Instrument. *Id.* [#17] ¶ 7. Defendant Ditech Financial, LLC is the current mortgage servicer of the Note and the Security Instrument (together, Loan Agreement), on behalf of BONY. *Id.*

Plaintiff subsequently defaulted under the Note. *Id.* ¶ 8. On January 14, 2011, Plaintiff was notified of his default and demand was made on him to immediately pay the past due amount. *Id.* Plaintiff failed to pay the due amount. *Id.* On February 24, 2016, BONY filed an application under Texas Rule of Civil Procedure 736 in the 98th District Court for Travis County, Texas, seeking an expedited court order allowing foreclosure of the Property. *Id.* ¶ 9. The state court authorized BONY to proceed with foreclosure, and the foreclosure sale was set for February 7, 2017. *Id.*

On February 1, 2017, Plaintiff filed the instant suit to quiet title in the 419th District Court for Travis County, Texas, which automatically stayed the 98th District Court's foreclosure order under Rule 736.11(a). *Id.* On March 2, 2017, BONY and Ditech Financial timely removed the action to this Court. Not. Removal [#1]. On March 22, 2017, Plaintiff filed an amended complaint, alleging the four-year statute of limitations under Texas Civil Practice & Remedies Code § 16.035 bars BONY from foreclosing on the Property. Am. Compl. [#15] ¶ 23. On March 28, 2017, BONY filed a counterclaim, seeking judicial foreclosure of the Property

based on Plaintiff's breach of the Loan Agreement. Countercl. [#17]. Plaintiff filed his motion to dismiss BONY's counterclaim on March 29, 2017. Mot. Dismiss [#18]. The motion has been fully briefed and is now ripe for review.

## Analysis

### I. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*,

14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts may consider the complaint, as well as other sources such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

II.     **BONY'S Judicial Foreclosure Counterclaim**

When a security instrument in a home-equity loan contains a power of sale provision, and the borrower defaults, the lender has a choice of remedies. *Deutsche Bank Nat. Tr. Co. v. Ra Surasak Ketmayura*, No. A-14-CV-00931-LY-ML, 2015 WL 3899050, at *2 (W.D. Tex. June 11, 2015). The lender may file (1) an expedited foreclosure proceeding, i.e., an application under Rule 736 for an order allowing it to proceed with a non-judicial foreclosure (Rule 736 application); (2) a counterclaim for judicial foreclosure in a suit initiated by the borrower, seeking a final judgment which includes an order allowing foreclosure under the security instrument and Texas Property Code § 51.002; or (3) a claim for judicial foreclosure. *Id.*

BONY pursued the first option when it filed a Rule 736 application in state court on February 24, 2016. Countercl. [#17] ¶ 9. An expedited foreclosure proceeding, however, is automatically stayed upon the borrower's filing of an independent lawsuit "that puts in issue any matter related to the origination, servicing, or enforcement of the loan agreement." TEX. R. CIV. P. 736.11. Thus, BONY's Rule 736 application was stayed when Plaintiff filed this lawsuit contesting BONY's right to foreclose.

Now, BONY turns to the second remedy. To foreclose under a security instrument with a power of sale, Texas law requires the lender demonstrate: "(1) a debt exists; (2) the debt is secured by a lien created under Article 16, Section 50(a)(6) of the Texas Constitution; (3) the borrower is in default under the Security Instrument; and (4) the lender as properly served the

borrower with notice of default, and if applicable, notice of acceleration." *Wells Fargo Bank v. Mata*, No. 1:14-CV-00909-SS, 2016 WL 7616627, at *3 (W.D. Tex. Oct. 12, 2016) (internal citation omitted). Under Texas law, a lender must bring "the foreclosure of a real property lien not later than four years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.035(a). Where, as here, the note contains an option to accelerate payment upon default, "the action accrues . . . when the [note]holder actually exercises its option to accelerate." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). "To effectively accelerate the payment of note, the noteholder, must provide '(1) notice of intent to accelerate and (2) notice of acceleration.'" *Smither v. Ditech Fin., L.L.C.*, No. 16-20392, 2017 WL 958314, at *4 (5th Cir. Mar. 10, 2017) (internal citation omitted).

Plaintiff asserts BONY's counterclaim for judicial foreclosure fails because "BONY has not facially alleged that an acceleration occurred." Mot. Dismiss [#18] at 3. BONY, however, argues the filing of its Rule 736 application with the 98th District Court and the filing of its counterclaim for judicial foreclosure with this Court both constitute notice of acceleration. Resp. [#19] at 4. The Court agrees notice of acceleration occurred, at the very earliest, when BONY filed its Rule 736 application on February 24, 2016. *See Burney v. Citigroup Glob. Mkts. Realty Corp.*, 244 S.W.3d 900, 903–04 (Tex. App.—Dallas 2008, no pet.) ("Notice of filing of the April 5, 2000 application for expedited foreclosure constituted notice of acceleration."); *Smither*, 2017 WL 958314, at *4 ("[N]otice of acceleration may take the form of the filing of a foreclosure action.").

Even assuming notice of acceleration occurred on February 24, 2016, Plaintiff claims § 16.035(a)'s four-year statute of limitations bars BONY's judicial foreclosure action because "more than five years elapsed between the notice of default [on January 14, 2011] and the

acceleration demand for full payment." Mot. Dismiss [#18] at 4–5. When a note contains an acceleration provision, a lender must bring a foreclosure action within four years after the day the noteholder "actually exercises its option to accelerate." *See* TEX. CIV. PRAC. & REM. CODE § 16.035(a); *Holy Cross Church of God in Christ*, 44 S.W.3d at 566. As discussed above, BONY exercised its option to accelerate when it filed its Rule 736 application on February 24, 2016. Thus, BONY's foreclosure action accrued, for limitations purposes, on February 24, 2016, not on January 14, 2011, when Plaintiff received notice of default. The four-year statute of limitations does not bar BONY's foreclosure action.

Finally, Plaintiff claims BONY's foreclosure action should be dismissed because of the unreasonable delay between notice of default and notice of acceleration. Mot. Dismiss [#18] at 4–5. Plaintiff cites *Stevens v. State Farm Fire & Cas. Co.*, 929 S.W.2d 665, 671 (Tex. App.—Texarkana 1996, writ denied), for support:

> Where demand is a condition precedent to a suit, the injured party may not, by failing to make demand, postpone the running of the statute until he decides to make a demand . . . Where demand is a prerequisite to a right of action, the injured party must make the demand within a reasonable time after it may lawfully be made. . . . . [T]he law will ordinarily consider a reasonable time as being coincident with the running of the statute [of limitations].

Mot. Dismiss [#18] at 4. According to Plaintiff, notice of default is both "a demand for payment of past-due sums" and "an absolute condition precedent" to a foreclosure action, and therefore must be made within a reasonable time.[1] Reply [#20] at 1–2. While a notice of default is a condition precedent to a foreclosure action, BONY provided Plaintiff such notice when it made the demand for Plaintiff to cure his default on January 14, 2011, before the statute of limitations started to run.

---

[1] Plaintiff also appears to argue notice of acceleration is a demand and prerequisite of a foreclosure action. *See* Mot. Dismiss [#18] at 4–5. Notice of acceleration, however, is not a condition precedent to a foreclosure action. *See, e.g., Smither*, 2017 WL 958314, at *4 (filing a foreclosure action can constitute notice of acceleration).

For these reasons, the Court finds Plaintiff's motion to dismiss BONY's foreclosure counterclaim is denied.

## Conclusion

Accordingly,

IT IS ORDERED that Plaintiff Dan Sergio de la Cruz's Motion to Dismiss [#18] is DENIED.

SIGNED this the 25th day of May 2017.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE