FILED
2018 JUN 15 PM 12: 16

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

DAN SERGIO DE LA CRUZ,
Plaintiff,

-vs-

CAUSE NO.:
A-17-CV-00163-SS

THE BANK OF NEW YORK, AS
TRUSTEE OF THE
CERTIFICATEHOLDERS CWABS,
INC., ASSET-BACKED
CERTIFICATES SERIES 2005-9; AND
DITECH FINANCIAL LLC,
Defendants.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled case, and specifically Plaintiff Dan Sergio De La Cruz's Motion for Final Summary Judgment [#46], Plaintiff's Supplemental Authority [#47], Defendant The Bank of New York Mellon as Trustee of the Certificateholders CWABS, Inc., Asset-Backed Certificates Series 2005-9 (BONY)'s Response [#48] in opposition, Plaintiff's Reply [#49] in support, BONY's Supplemental Response [#50] in opposition, Plaintiff's Sur-Reply [#51] in support, and BONY's Amended Response [#52][1] in opposition. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

This is a residential foreclosure case. Plaintiff purchased the home at 12713 Bright Sky Overlook, Austin, Texas 78732 (the Property), as evidenced by the warranty deed recorded with the County Clerk of Travis County, Texas. See Pl. Mot. Summ. J. [#46-1] Ex. A (Warranty

---

[1] The amended response (filed after this opinion was started) indicates it is intended to supersede and replace BONY's original and supplemental responses. See Am. Resp [#52] at 1. Finding no substantive differences to BONY's previous filings, the citations in this opinion have not been updated to BONY's amended response.



Deed). In July 2005, Plaintiff received a home equity loan in the amount of $325,400.00 from Loan America, Inc. to refinance a previous loan on the Property. *See* Resp. [#48-1] Ex. A-1 (Note). The Note was secured by the Property. *Id.* Ex. A-2 (Security Instrument). The Note was assigned to BONY on August 17, 2006. *Id.* Ex. A-3 (Assignment).

Plaintiff defaulted on his loan in early 2006. *See* Pl. Mot. Summ. J. [#46] at 4. A notice of default and intent to accelerate was mailed to Cruz on June 1, 2006. *See* Resp. [#48-2] Ex. B-1 (2006 Default and Intent to Accelerate Notice). BONY sent a notice of acceleration on August 25, 2006. *See* Resp. [#48-2] Ex. B-2 (2006 Acceleration Notice). Less than a month later, BONY filed an application for expedited foreclosure under Texas Rule of Civil Procedure 736. *See* Pl. Mot. Summ. J. [#46-4] Ex. D (2006 Foreclosure Application). The state court granted BONY's application on February 21, 2007, permitting a non-judicial foreclosure sale. *See* Resp. [#48-2] Ex. B-3 (First Foreclosure Order).

Before the First Foreclosure Order issued, on October 27, 2006, BONY offered Plaintiff a repayment plan to bring his loan up to date. *See* Pl. Mot. Summ. J. [#46-18] Ex. R (2006 Repayment Plan Agreement). The 2006 Repayment Plan Agreement explicitly states "[i]f we previously notified you that your Loan is (or will be) accelerated and/or due in full, it remains accelerated and/or due in full." *Id.* It is unclear Plaintiff agreed to the Repayment Plan Agreement. *See id.* (unsigned). BONY accepted loan payments from Plaintiff in November 2006 and April 2007. *See* Resp. [#48-2] Ex. A-4 (Payment History); Resp. [#48] at 12.

Following more missed payments, BONY sent another notice of acceleration on July 11, 2007, and soon thereafter filed another application for expedited foreclosure on August 1, 2007. *See* Resp. [#48-2] Ex. B-5 (2007 Acceleration Notice); Pl. Mot. Summ. J. [#46-7] Ex. G (2007 Foreclosure Application). The state court granted BONY's application on January 10, 2008,

permitting a non-judicial foreclosure sale. *See* Pl. Mot. Summ. J. [#46-8] Ex. H (Second Foreclosure Order). BONY did not proceed with the foreclosure sale.

BONY mailed Plaintiff a payoff demand statement on May 6, 2008, reflecting the total amount to release the lien on the Property. *See* Pl. Mot. Summ. J. [#46-17] Ex. Q (2008 Payoff Demand). In addition, BONY sent a reinstatement quote on December 17, 2010, indicating Plaintiff could bring his loan current by paying past due payments and fees. *See* Resp. [#48-2] Ex. B-7 (2010 Reinstatement Quote).

On January 14, 2011, BONY sent Plaintiff another notice of default and intent to accelerate. *See* Resp. [#48-2] Ex. B-8 (2011 Default and Intent to Accelerate Notice). BONY followed up with a notice of acceleration on February 15, 2011. *See* Resp. [#48-2] Ex. B-9 (2011 Acceleration Notice). BONY did not proceed with foreclosure before mailing another reinstatement quote to Plaintiff on March 23, 2012. *See* Resp. [#48-2] Ex. B-10 (2012 Reinstatement Quote).

BONY filed yet another application for expedited foreclosure on February 24, 2016. *See* Resp. [#48-2] Ex. B-11 (2016 Foreclosure Application). The state court granted BONY's application on November 29, 2016, permitting a non-judicial foreclosure sale. *See* Resp. [#48-2] Ex. B-12 (Third Foreclosure Order).

On February 1, 2017, Plaintiff filed this lawsuit in the 419 Judicial District Court of Travis County, Texas. *See* Notice Removal [#1] at 1. BONY removed the case to this Court based on diversity jurisdiction. *Id.* at 3–6. Plaintiff seeks to quiet title on the Property and also requests a declaratory judgment that the statute of limitations expired on BONY's power to foreclose. *See* Third Am. Compl. [#43] at ¶¶ 29–39. BONY filed a counterclaim for judicial foreclosure of the Property on March 28, 2017. *See* Counterclaim [#17] at ¶¶ 10–14.

3

Plaintiff now moves for summary judgment on its affirmative claim as well as BONY's counterclaim and affirmative defenses. *See* Pl. Mot. Summ. J. [#47]. The motion is fully briefed and ripe for consideration.

## Analysis

### I.   Summary Judgment—Legal Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and

4

unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*

"Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## II. Application

### A. Plaintiff's Claim to Quiet Title[2]

To prevail on a claim to quiet title, a plaintiff must establish: (1) his right, title, or ownership in real property; (2) that the defendant has asserted a "cloud" on his property, meaning an outstanding claim or encumbrance valid on its face that, if it were valid, would affect or impair the property owner's title; and (3) that the defendant's claim or encumbrance is invalid. *Warren v. Bank of Am., N.A.*, 566 F. App'x 379, 382 (5th Cir. 2014).

In Texas, a party must bring suit for judicial foreclosure or execute non-judicial sale "not later than four years after the day the cause of action accrues." *See* TEX. CIV. PRAC. & REM. CODE § 16.035(a)–(b). "On the expiration of the four-year limitations period, the real property

---

[2] Plaintiff did not request summary judgment on his claim for declaratory judgment that the limitations period has expired on BONY's lender remedies. *See generally* Pl. Mot. Summ. J. [#47]. Such a request would be denied for the same factual issues identified with respect to Plaintiff's claim to quiet title.

5

lien and a power of sale to enforce the real property lien become void." *Id.* at § 16.035(d). When a note contains an optional acceleration clause, as is the case here, "the action accrues only when the holder actually exercises its option to accelerate." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). Effective acceleration requires (1) notice of intent to accelerate, and (2) notice of acceleration. *Id.*

A lender may abandon acceleration by agreement with the borrower or through its actions. *Leonard v. Ocwen Loan Servicing, L.L.C.*, 616 F. App'x 677, 679 (5th Cir. 2015). Doing so before the end of the limitations period restores the note's original maturity date such that the lender is no longer required to foreclose within four years from the date of acceleration. *Id.* "Whether a party has abandoned acceleration is generally a question of fact." *Residential Credit Sols., Inc. v. Burg*, 01-15-00067-CV, 2016 WL 3162205, at *3 (Tex. App.—Houston [1st Dist.] June 2, 2016, no pet.).

Plaintiff moves for summary judgment on his affirmative claim to quiet title, arguing BONY is time-barred from seeking either lender remedy available under Texas law—judicial foreclosure and non-judicial sale—based on BONY's previous foreclosure efforts. *See* Pl. Mot. Summ. J. [#47] at 8–17. As the argument goes, the lien on the Property became void when the limitations expired. *Id.*; *see also* Third Am. Compl. [#43] at ¶¶ 29–39. BONY acknowledges the four-year statute of limitations applies, but contends the limitations period never expired because all previous foreclosure efforts were timely abandoned. *See id.* at 9–14.

Plaintiff's affirmative claim to quiet title turns on whether the four-year limitations expired following BONY's 2006 or 2011 accelerations. *See* Pl. Mot. Summ. J. [#47] at 8–17 (discussing limitations with respect to the 2006 or 2011 accelerations). As explained below, a

6

material fact issue remains as to whether BONY abandoned its accelerations within the limitations period.[3] Thus, Plaintiff is not entitled to summary judgment on this claim.

1. The 2006 Acceleration

BONY's first acceleration of the Note occurred on August 25, 2006, by the mailing of the 2006 Acceleration Notice. The acceleration was legally effective because the notice of acceleration was preceded by the 2006 Default and Intent to Accelerate Notice. *See Holy Cross*, 44 S.W.3d at 566.

BONY contends it timely abandoned this acceleration by accepting loan payments from Plaintiff in November 2006 and April 2007. *See* Resp. [#48] at 12–13. Plaintiff disagrees these payments constitute abandonment because the 2006 Repayment Plan Agreement expressly disclaimed payments would abandon acceleration. Reply [#49] at 1–3. Plaintiff also asserts BONY "reaffirmed the 2006 acceleration multiple times" after these payments were made. Reply [#49] at 1–3 (citing the 2008 Payoff Demand and the 2010 Reinstatement Quote).

A genuine dispute of material fact exists as to whether BONY abandoned its 2006 acceleration. BONY's acceptance of payments from Plaintiff in November 2006 and April 2007 support an inference BONY abandoned its acceleration. *See Holy Cross*, 44 S.W.3d at 566–67 (explaining a lender "can abandon acceleration if the holder continues to accept payments without exacting any remedies available to it upon declared maturity"). While the terms of the 2006 Repayment Plan Agreement would likely preclude such an inference, it is unclear the record before the Court that parties executed the repayment agreement or Plaintiff made payments pursuant to that agreement. The 2008 Payoff Demand and 2010 Reinstatement Quote

---

[3] Plaintiff submits BONY cannot unilaterally abandon its accelerations because Plaintiff detrimentally relied on the accelerations in ceasing payments to his homeowners association and the county tax assessor, thereby causing increased financial penalties. *See* Pl. Mot. Summ. J. [#47] at 17–19. The cited evidence falls short of establishing detrimental reliance as a matter of law and thus does not preclude BONY from arguing abandonment.

7

provide little clarity on BONY's 2006 acceleration given the intervening 2007 acceleration and foreclosure efforts. *See* 2007 Acceleration Notice, 2007 Foreclosure Application.[4]

Because a reasonable jury could conclude BONY abandoned its 2006 acceleration, the Court denies Plaintiff's request to issue a contrary ruling as a matter of law.

2. The 2011 Acceleration

BONY re-accelerated the Note in January 2011 by sending the 2011 Default and Intent to Accelerate Notice followed by the 2011 Acceleration Notice. The acceleration was legally effective because it included both required notices. *See Holy Cross*, 44 S.W.3d at 566.

BONY asserts it abandoned the 2011 acceleration before the four-year limitations ran by sending Plaintiff a reinstatement quote on March 23, 2012. Resp. [#48] at 13. Plaintiff counters the Security Interest "preserves" acceleration in the case of reinstatements and BONY reaffirmed its acceleration in billing statements from May 2015 to February 2017. *See* Reply [#49] at 4.

The 2012 Reinstatement Quote is evidence BONY abandoned its acceleration within the limitations period. The statement lists all past-due payments and recites a total payment requirement to bring the "loan current." *See* 2012 Reinstatement Quote at 1–2. Because the 2012 Reinstatement Quote requests payment less than the full amount of the loan, BONY put Plaintiff on notice of its abandonment of the acceleration. *See Leonard*, 616 F. App'x at 680 (confirming a lender may abandon acceleration by requesting payment on less than the full amount of the loan).

At best, Plaintiff raises a factual dispute on abandonment. The cited portion of the Security Interest does not explicitly "preserve" accelerations as Plaintiff suggests, but instead

---

[4] BONY's attempt to re-accelerate the Note in 2007 adds further support for abandonment of the earlier 2006 acceleration. *See Cline v. Deutsche Bank Nat. Tr. Co.*, 3:14-CV-1565-D, 2015 WL 4041791, at *5 (N.D. Tex. July 2, 2015) ("noteholder may also abandon acceleration by other actions, including providing account statements seeking less than the full accelerated amount and mailing new notice-of-intent-to-accelerate letters.").

explains the terms of the loan "remain fully effective as if no acceleration had occurred" upon reinstatement. *See* Security Instrument at ¶ 18. Plaintiff fails to explain why this provision setting forth a borrower's right to reinstate governs the independent terms and conditions set forth in the 2012 Reinstatement Quote. The monthly billing statements referenced by Plaintiff offer conflicting evidence on abandonment. *See* Pl. Mot. Summ. J. [#46-10] Ex. J (Billing Statements). On the one hand, the listing of an "Accelerated Amount" could reflect BONY's affirmation of its 2011 acceleration. *See id.* But the listing of a "Reinstatement Amount" due—a request for payment on less than the full amount of the loan—is also additional evidence of abandonment. *See Leonard*, 616 F. App'x at 680.

Accordingly, Plaintiff has failed to establish as a matter of law BONY did not abandon its 2011 acceleration.

## C. BONY's Counterclaim for Judicial Foreclosure

To foreclose under a security instrument in Texas, the lender must demonstrate: (1) a debt exists; (2) the debt is secured by a lien created under the Texas Constitution; (3) the borrower is in default; and (4) the lender has properly served the borrower with notice of default, and if applicable, notice of acceleration. *Christiana Tr. v. Jacob*, 7:15-CV-033-DAE, 2016 WL 4468274, at *2 (W.D. Tex. Aug. 23, 2016). As noted above, a suit for judicial foreclosure must be brought within four years of when the cause of action accrues, or the real property lien becomes void. *See* TEX. CIV. PRAC. & REM. CODE § 16.035. A foreclosure cause of action only accrues when the lender exercises its acceleration option by providing (1) notice of intent to accelerate, and (2) notice of acceleration. *Holy Cross*, 44 S.W.3d at 567–69; *see also Wilmington Tr., Nat'l Ass'n v. Rob*, 17-50115, 2018 WL 2304600, at *2 (5th Cir. May 21, 2018) ("Unless a lender provides both forms of notice, it may not foreclose.").

Plaintiff requests summary judgment on BONY's counterclaim for judicial foreclosure, asserting the four-year statute of limitations expired on the claim. *See* Pl. Mot. Summ. J. [#46] at 10–14. BONY counters it timely asserted a claim for judicial foreclosure less than four years after February 24, 2016, the date of the 2016 Foreclosure Application. *See* Resp. [#48] at 4, 13.

BONY's judicial foreclosure counterclaim fails as a matter of law. As an initial matter, the counterclaim may be barred by limitations, depending on the outcome of the factual issues surrounding BONY's purported abandonment of its accelerations. *See supra* Section II.A.

Even if BONY successfully establishes abandonment to avoid limitations, BONY would lack the requisite notice to foreclose. BONY contends filing its 2016 Foreclosure Application in state court constitutes acceleration. *See* Resp. [#48] at 3–4. However, an effective acceleration requires *both* (1) notice of intent to accelerate, and (2) notice of acceleration. *Holy Cross*, 44 S.W.3d at 566. BONY acknowledges the 2016 Foreclosure Application only satisfies the latter requirement. *See* Resp. [#48] at 4 ("Texas courts have also repeatedly held that a lender's action in filing a suit for foreclosure (coupled with a previously served notice of intent to accelerate) can also constitute acceleration."). BONY's abandonment of its 2006 and 2011 accelerations would render BONY's only notices of intent to accelerate—the 2006 Default and Intent to Accelerate Notice and the 2011 Default and Intent to Accelerate Notice—ineffective, requiring a new a notice. *See Wilmington Tr.*, 2018 WL 2304600, at *3 (concluding a new acceleration notice is required after abandonment). BONY made no new, post-abandonment notices.

Accordingly, BONY's counterclaim for judicial foreclosure fails because the claim is either barred by limitations or lacking the requisite notice of intent to foreclose.

10

## C. BONY's Affirmative Defenses

To start, the Court addresses the affirmative defenses of unclean hands, laches, estoppel, setoff, offset, recoupment, conventional subrogation, and waiver. *See* Pl. Mot. Summ. J. [#46] at 20–21. Plaintiff requests a no-evidence summary judgment ruling on these defenses raised by BONY. *Id.* BONY did not respond in contravention, so the Court grants Plaintiff's summary judgment on these defenses as unopposed.

Plaintiff also moves for summary judgment on the defense of equitable subrogation. *Id.* at 19–20. According to Plaintiff, equitable subrogation is subject to the borrower's defense of statute of limitations, which Plaintiff contends expired after BONY's 2006 and 2011 accelerations. *Id.* BONY agrees any subrogation claim is subject to a four-year limitations, but argues the limitations do not trigger until maturity of its predecessor's note. *See* Supp. Resp. [#50] at 2–3.[5] Because, the note BONY paid off was not scheduled to fully mature until 2030, BONY argues the limitations period on its subrogation defense has not expired. *Id.*

Equitable subrogation is a legal fiction that allows "a third party who discharges a lien upon the property of another to step into the original lienholder's shoes and assume the lienholder's right to the security." *LaSalle Bank Nat. Ass'n v. White*, 246 S.W.3d 616, 619 (Tex. 2007). "There is no specific statute of limitations for subrogation actions," and "these actions generally are subject to the same statute which would apply had the action been brought by the subrogee." *Brown v. Zimmerman*, 160 S.W.3d 695, 700 (Tex. App.—Dallas 2005, no pet.).

Here, equitable subrogation would permit BONY to step into the shoes of the previous lienholder of the Property. Limitations on equitable subrogation do not begin to run until the maturity date of the previous note, a date that has not passed. *See Gillespie v. Ocwen Loan*

---

[5] Plaintiff argues BONY waived equitable subrogation as a defense by failing to address the issue in its summary judgment response. The parties have fully briefed the issue, and therefore the Court declines to find waiver.

11

*Servicing, LLC*, 4:14-CV-00279, 2015 WL 12582796, at *4 (S.D. Tex. Oct. 28, 2015) (finding claim for equitable subrogation did not accrue until the maturity date of the earlier note). Thus, BONY's affirmative defense for equitable subrogation is not barred by the statute of limitations.[6]

### Conclusion

Genuine issues of material fact preclude summary judgment on Plaintiff's claim to quiet title. BONY's counterclaim for judicial foreclosure fails as a matter of law. BONY may rely on the affirmative defense of equitable subrogation, but all other defenses are dismissed.

Accordingly,

IT IS ORDERED that Plaintiff Dan Sergio De La Cruz's Motion for Final Summary Judgment [#46] is GRANTED in part and DENIED in part consistent with this opinion.

SIGNED this the 15th day of June 2018.

_____
SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE

---

[6] In his sur-reply, Plaintiff asserts the equities disfavor BONY because the prolonged foreclosure efforts Plaintiff was forced to endure. *See* Pl. Sur-Reply [#51] at 4–5. Any inequity resulting from the lengthy foreclosure history of this case is counterbalanced by Plaintiff's continued default on the loan.