# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **DAN SERGIO DE LA CRUZ,** § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. 1:17-cv-00163-SS |
| § | |
| **THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWABS, INC. ASSET-BACKED CERTIFICATES, SERIES 2005-9,** § § § § § § | |
| § | |
| *Defendant*. § | |

## FINAL JUDGMENT

On November 8, 2019, the Court granted in part and denied in part the Bank of New York as Trustee for the Certificateholders CWABS, Inc., Asset-Backed Certificates, Series 2005-9 ("The Bank of New York") Motion for Summary Judgment [Doc. 81]. Following the partial grant of summary judgment, The Bank of New York requested that the Court permit it to dismiss its remaining counterclaim, for judicial foreclosure, without prejudice. [Doc 94]. The Court having favorably considered The Bank of New York's request entered an order pursuant to Federal Rule of Civil Procedure 41(a)(2) allowing for the dismissal of The Bank of New York's judicial foreclosure claim.

Being no further claims or controversies existing between the parties the Court finds that final judgment should be entered in favor of The Bank of New York against Dan Sergio De La Cruz as provided for pursuant to the Court's prior grant of summary judgment.

IT IS THEREFORE ORDERED, ADJUDGED ADN DECREED that The Bank of New York possesses a subrogated lien against the Property made the subject of this lawsuit. The amount

of the subrogated lien is $283,296.39, plus legal interest at the rate of 6% per annum from July 25, 2005 through the date of satisfaction of the lien interest.

IT IS FURTHER ORDERED this judgment serves as an order permitting The Bank of New York, its successors and assigns, to satisfy and extinguish its subrogated lien with the judicial foreclosure of the lien in the amount of $529,182.13 plus per diem legal interest in the amount of $46.57 per day after January 6, 2020; such judicial foreclosure being in compliance with Texas Constitution art. XVI § 50(a)(6), the Tex. Prop. Code § 51.002 to the extent applicable, and other applicable law with respect to the secured Property made the subject of this lawsuit;

IT IS FURTHER ORDERED that the mailing address of the property sought to be foreclosed is 12713 Bright Sky Overlook, Austin, Texas 78732 (the "Property") and legally described as:

> Lot 3, Block "A", of STEINER RANCH PHASE ONE, SECTION 9, a subdivision in Travis County, Texas, according to the map or plat recorded under Document Number 200200113, in the Plat Records of Travis County, Texas.

IT IS FURTHER ORDERED Plaintiff Dan Sergio De La Cruz is obligated for the repayment of the amount of the subrogated lien, repayment has not occurred, Plaintiff is in default, and the default has not been cured.  As of January 6, 2020, the amount owed by Plaintiff to The Bank of New York with respect to the subrogated lien, inclusive of the legal interest accrued to date thereon, is $529,182.13.  The amount of per diem legal interest accruing after January 6, 2020, is $46.57 per day to which The Bank of New York is also justly entitled.

IT IS FURTHER ORDERED that The Bank of New York , its successors and assigns, recover the amount owed under the subrogated lien with a foreclosure of the subrogated lien against the Property and an order of sale shall issue to any Sheriff, Constable, U.S. Marshall or other governmental official authorized to conduct the foreclosure sale within the State of Texas

directing him or her to seize and sell the same as under execution, to be paid towards the satisfaction of the judgment.

IT IS FURTHER ORDERED this judgment for foreclosure shall have all the force and effect of a writ of possession as between the Parties to this suit and also as to any person claiming a right in the Property that was acquired prior to this suit, during the pendency of this suit or thereafter. The Sheriff, Constable, U.S. Marshall or other governmental official executing this judgment for foreclosure sale shall proceed by virtue of such judgment to place the purchaser of the Property sold at the foreclosure sale in possession of the Property within thirty days of the foreclosure sale.

IT IS FURTHER ORDERED that no personal liability or deficiency for the subrogated lien shall be asserted against Dan Sergio De La Cruz. If Dan Sergio De La Cruz, within thirty days after entering of the final judgment, fails to pay to The Bank of New York the full amount due under this judgment, the Property shall be sold in accordance with law at public auction to the highest bidder.

IT IS FURTHER ORDERED the Order of Sale shall provide that The Bank of New York, its successors or assigns, have the right to become the purchaser of the Property at the sale conducted pursuant to the Order of Sale, and The Bank of New York, its successors or assigns, shall have the right to credit upon amount of the bid made to the extent necessary to satisfy such bid, the amount of the Judgment owing to The Bank of New York.

IT IS FURTHER ORDERED the Sheriff, Constable, U.S. Marshall or other governmental official conducting the sale shall deduct out of the proceeds of the foreclosure sale its reasonable fees for conducting the sale and shall distribute the remaining proceeds in accordance with the

terms of this judgment to The Bank of New York. If any sales proceeds remain, they shall be distributed then to inferior lienholders (if any) in order of lien priority and then to the Plaintiff.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all claims Dan Sergio De La Cruz asserted, or could have asserted, against The Bank of New York in this lawsuit is DISMISSED WITH PREJUDICE.

All relief not expressly granted is denied.

This judgment finally disposes of all parties and all claims and is appealable.

SIGNED on this the _____ day of _____ 2020.

_____
JUDGE PRESIDING